# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROGELIO MARTINEZ, individually and FRANCISCA ACEBEDO-CEDILLO, individually and as Husband and Wife, and SALMA MARTINEZ, a minor, by and through her Natural Parent and Guardian Ad Litem, ROGELIO MARTINEZ,<br>Plaintiffs,<br><br>v.<br><br>SHAMIT PATEL, individually; and DOES I - X, and ROE CORPORATIONS I - X, inclusive,<br><br>Defendants. | Case No. 2:13-cv-02189-APG-GWF<br><br>**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>(Dkt. #25) |

This case arises out of a vehicle collision between plaintiffs and defendant Shamit Patel. Patel was driving east on Sahara Blvd. and began to slow as he reached a red light at the Fort Apache intersection. Plaintiffs were in the adjacent lane, stopped at the stoplight, waiting for the light to turn green. When Patel was almost to the light, he suddenly veered into plaintiffs' lane and rear-ended their car. Patel says he was forced to veer into plaintiffs' lane because another car cut him off. Plaintiffs brought this lawsuit to recover for their injuries.

Plaintiffs move for partial summary judgment. They argue that Patel admits he struck plaintiffs' car from behind and that this means he has admitted he is "100% liable for causing the crash." Plaintiffs argue they are therefore entitled to partial summary judgment that Patel was negligent, leaving only issues of causation and damages for trial. Patel counters that a jury could find that his sudden swerving was reasonable given that another car had cut him off. He argues that his negligence is thus a question for the jury. I agree. Because a jury could find Patel's actions were reasonable under the circumstances, I deny plaintiffs' motion.

## I. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[1] For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[2]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[3] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[4] She "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[5]

A party must support or refute the assertion of a fact with admissible evidence.[6] As the summary judgment procedure is the pretrial functional equivalent of a directed-verdict motion, it requires consideration of the same caliber of evidence that would be admitted at trial.[7] Thus, it is insufficient for a litigant to merely attach a document to a summary judgment motion or opposition without affirmatively demonstrating its authenticity.

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[2] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[4] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[5] *Bhan v. NME Hosps.*, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[6] Fed. R. Civ. Proc. 56(c)(1); *Orr*, 285 F.3d at 773; *Harris v. Graham Enterprises, Inc.*, 2009 WL 648899, at *2 (D. Ariz. Mar. 10, 2009).

[7] *Anderson*, 477 U.S. at 251 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983)).

**II.     DISCUSSION**

To prevail on a negligence claim, a plaintiff must show: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages.[8] Plaintiffs argue they are entitled to partial summary judgment that Patel was negligent—that he breached a duty to plaintiffs—for two reasons: (1) Patel has admitted he breached a duty under a general negligence theory, and (2) he violated NRS §484B.600 making him liable under the doctrine of *negligence per se*.

**A.     Summary judgment under a general negligence theory**

Plaintiffs argue that Patel, as a "driver on the road," had a duty to avoid placing other drivers in danger. Patel admits he rear-ended plaintiffs' car so, under plaintiffs' theory, he acted improperly and was negligent.

Plaintiffs fail to meet their summary judgment burden under this theory. They appear to argue that rear-ending another car is always negligent, regardless of the circumstances, stating: "[i]n short, based upon Patel crashing into the rear of Plaintiffs' vehicle, it is undisputed that Patel is 100% responsible for causing the crash." But plaintiffs fail to cite any authority supporting this argument,[9] and it makes little sense given that reasonableness is a fact question for the jury to decide based on all of the circumstances.[10]

Further, plaintiffs have not disputed that Patel struck plaintiffs' car only because another vehicle swerved into Patel's lane. If the jury believes Patel, he was faced with a sudden emergency and had to make split-second decision: jerk his wheel to the left or hit a car that had just cut in front of him. Whether he was reasonable in turning his wheel, and whether he was

---

[8] *Scialabba v. Brandise Construction Co.,* 112 Nev. 965, 968 (1996).

[9] Indeed, the only authority plaintiffs cite in support of this argument, Nevada Civil Jury Instruction 4NG.32, explains that Patel merely had a duty to use due care to avoid accidents.

[10] *Richmond & D. R. Co. v. Powers*, 149 U.S. 42, 45 (1893).

negligent for not realizing, during this heated moment, that plaintiffs' car was next to him, are questions for the jury.

### B. Summary judgment under a *negligence per se* theory

Plaintiffs' *negligence per se* theory is similarly faulty. If a defendant violates a statute, and meets certain other requirements, then the defendant is "*negligent per se*"—in other words, the defendant breached a duty as a matter of law.[11] Crucially, whether a defendant violated a statute is generally a fact question for the jury to decide.[12]

Plaintiffs argue Patel was *negligent per se* because he violated N.R.S. §484B.600. That statute prohibits driving at an "[un]reasonable" speed taking into account "traffic, surface and width of the highway, the weather and other highway conditions." Plaintiffs contend that Patel "admits" he was driving too fast and thus that he violated this statute.

Plaintiffs are wrong. First, they provide no admissible evidence Patel violated the statute. And the mere fact that he rear-ended plaintiffs does not prove he was driving unreasonably fast under the circumstances. Second, the only legal authority plaintiffs cite for their contention that summary judgment on *negligence per se* is proper, *Barnes v. Delta Lines, Inc.,* deals with jury instructions (not summary judgment) and specifically states that whether a defendant violates a statute for purposes of *negligence per se* is a "question of fact for the jury."[13]

In short, Patel had a duty to act reasonable under the circumstances, and the jury will decide if he violated this duty.[14] Plaintiffs' motion is denied.

---

[11] *Doe v. Nevada*, 356 F. Supp. 2d 1123, 1126 (D. Nev. 2004); *Barnes v. Delta Lines, Inc.*, 99 Nev. 688, 690 (1983).

[12] *Barnes*, 99 Nev. at 690.

[13] *Id*.

[14] Patel also points out that the sudden emergency doctrine can sometimes shield a defendant when a third party negligently forced the defendant into an emergency situation. *See Posas v. Horton*, 228 P.3d 457, 459 (Nev. 2010) (indicating that swerving vehicles can give rise to the sudden-emergency doctrine). Whether labeled as the sudden emergency doctrine, or a question of whether Patel's actions were reasonable under the circumstances, the jury should determine whether Patel was negligent under the circumstances.

## III. <u>CONCLUSION</u>

IT IS THEREFORE ORDERED that plaintiffs' motion for partial summary judgment (Dkt. # 25) is DENIED.

DATED this 17th day of April, 2015.

                                                                                ANDREW P. GORDON
                                                                                UNITED STATES DISTRICT JUDGE